UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ROSA MIRIAM PALMER SPELLMAN,**

    **Plaintiff,**

  v.                                    Case No. 18-CV-1856

**DISABILITY RIGHTS WISCONSIN and
NATIONAL DISABILITY RIGHTS NETWORK,**

    **Defendants.**

### ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION TO DISMISS CASE

On November 26, 2018, Rosa Miriam Palmer Spellman, via her guardian Thomas Spellman, filed a *pro se* complaint against Disability Rights Wisconsin and the National Disability Rights Network (NDRN). (Docket # 1.) The complaint alleges that the defendants discriminated against Palmer Spellman by conspiring to deny her the right to work for a "special minimum wage." (*Id.* at 1.) Palmer Spellman also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Although I find that Palmer Spellman is indigent for purposes of the *in forma pauperis* statute, because her complaint fails to state a claim for which relief would be available, I will deny the motion to proceed *in forma pauperis* and recommend that this action be dismissed.[1]

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Palmer Spellman's petitions. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Palmer Spellman's request to proceed without prepayment of the filing fee states that she is unmarried and lives with her parents. (Docket # 2 at 1.) She earns $360 per month from her employer, VIP Services, and earned $11,304.00 in social security income over the past twelve months. (*Id.* at 2.) She has no assets other than $1,951.04 in cash or checking, savings, or other accounts. (*Id.* at 3.) Her monthly expenses amount to $950.00. (*Id.*) Based on this information, I find that Palmer Spellman lacks the ability to pay the filing fee.

Although I find that Palmer Spellman is unable to pay the filing fee, I will deny the request to proceed *in forma pauperis* because the complaint fails to state a claim upon which relief may be granted in this court. The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). To state a claim, a complaint must provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations

2

as true and draw all reasonable inferences in his favor. *DeWalt*, 224 F.3d at 612. The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Construing the complaint liberally, I cannot find that it contains a cognizable claim. According to a document appended to the complaint, NDRN is a nonprofit membership organization for the Protection and Advocacy Program (P&A) system and Client Assistance Program (CAP). (Docket # 1-3 at 2.) "The P&A/CAP network was established by the United States Congress to protect the rights of people with disabilities and their families through legal support, advocacy, referral, and education." (*Id.*) Disability Rights Wisconsin is a member of NDRN. (*Id.*) In January 2011, the Board of the National Disability Rights Network published *Segregated and Exploited: A Call to Action! The Failure of the Disability Service System to Provide Quality Work*. (Docket # 1-3.) This appears to be a booklet describing and criticizing so-called "sheltered workshops" that it purports segregate and exploit disabled people by paying "sub-minimum wage." (*Id.*) The booklet contains policy recommendations that it summarizes as ending segregated employment and sub-minimum wage for people with disabilities, promoting and facilitating integrated and comparable wage employment alternatives, and increasing labor protections and enforcement. (*Id.* at 6.) Similarly, Disability Rights Wisconsin published a document entitled "Principles for Employment of People with Disabilities" that states, *inter alia*, "People with disabilities have the right to be paid for

3

employment at minimum wage or higher and at the same market wage as employees without disabilities." (Docket # 1-1 ¶ 2).

The complaint alleges that Palmer Spellman has been working at VIP Service, a "sheltered workshop" in Elkhorn, Wisconsin, for fifteen years. (Docket # 1-2 at 1.) The complaint alleges that the defendants discriminated against Palmer Spellman by conspiring to deny her the right to work for a "special minimum wage." (Docket # 1 at 1.) A document appended to the complaint notes that the Fair Labor Standards Act provides for a "special minimum wage" for persons with disabilities. (Docket # 1-2 at 1–2.) *See* 29 U.S.C. § 214(c). The document, authored by Palmer Spellman's parents and entitled "Gifts of the Sheltered Workshop: Introduction," argues that the "special minimum wage" earned by Palmer Spellman and other disabled individuals is reasonable insofar as these individuals are not as productive as other full-time workers, and it is valuable in that it enables such individuals to work where there would otherwise not be jobs available for them. (Docket # 1-2 at 2.) It also argues that the "sheltered workshop" model of employment is valuable for such individuals, because it provides them a variety of job experiences, allows them to work at their own pace, offers stability and predictability, affords a family-like community and friendships, promotes their safety, provides transportation to those who are unable to drive or take public transportation, employs highly trained staff with specialized abilities in working with disabled individuals, allows participants to take extended vacations with retired parents, and provides a backup for individuals with disabilities who struggle in mainstream work settings. (*Id.* at 2–3.) Another document by Palmer Spellman's father, entitled "How WE are seen by THEY," contains what appear to be responses to and critiques of the NDRA's *Segregated and Exploited* booklet. (*Id.* at 4–5.)

It is clear from the complaint that Palmer Spellman and/or her parents disagree with the defendants' opinions of the special minimum wage and sheltered workshops. Moreover, they are deeply concerned about the possibility that their disabled daughter could lose access to her employment and her community, both of which appear to have been enormously beneficial to them all.

As understandable as these concerns are, the only actions the defendants allegedly took were publishing their opinions and policy positions. Palmer Spellman and her parents appear to disagree with those opinions and policy preferences, and that disagreement appears heartfelt and well-articulated. But the defendants' right to state their opinions and advocate their policy positions is protected by the First Amendment to the U.S. Constitution. *See Brandenburg v. Ohio*, 395 U.S. 444, 448–449 (1969) (holding that advocacy is protected by the First Amendment, even when the action advocated would be harmful). This court does not have the authority to adjudicate a dispute about what the policy regarding the special minimum wage and sheltered workshops should be. That is the role of the legislative branches of government, and it is the role of conscientious citizens like Palmer Spellman and her parents as well as advocacy groups like NDRA and Disability Rights Wisconsin to make their best arguments to their elected representatives. Despite the complaint's many compelling arguments in favor of sheltered workshops and the special minimum wage, in the absence of any indication that either NDRA or Disability Rights Wisconsin has actually violated the law (as opposed to advocating a change in it), this complaint does not state a claim upon which relief may be granted in federal court.

Therefore, I recommend that Palmer Spellman's complaint be dismissed for failure to state a claim, and I will deny the motion to proceed *in forma pauperis*.

5

## RECOMMENDATION AND ORDER

**NOW, THEREFORE, IT IS RECOMMENDED** that this case be dismissed for failure to state a claim.

**IT IS ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket # 2) be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 3rd day of December, 2018.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge