UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROSA MIRIAM PALMER SPELLMAN,
by her guardian Thomas Spellman,

        Plaintiff,

v.                                                   Case No. 18-cv-1856-pp

DISABILITY RIGHTS WISONSIN, INC.,
and NATIONAL DISABILITY RIGHTS NETWORK,

        Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 11)

---

After this court adopted Judge Joseph's recommendation and dismissed this case, the plaintiff filed a motion for reconsideration, dkt. no. 11, and a notice of appeal, dkt. no. 13. Subsequently, the plaintiff voluntarily dismissed his appeal, dkt. no. 19, but the motion to reconsider remains pending. More recently, the plaintiff has filed a request for a status conference. Dkt. No. 20. Because the plaintiff has failed to establish a basis for reconsideration, the court will deny the motion.

**I.**     **Background**

On November 26, 2018, plaintiff Rosa Spellman, through her guardian Thomas Spellman, filed a *pro se* complaint against Disability Rights Wisconsin (DRW) and National Disability Rights Network (NDRN). Dkt. No. 1 at 1. The complaint alleged that the defendants discriminated against the plaintiff by conspiring to deny her the right to work for a "special minimum wage." Id.

NDRN is nonprofit membership organization for the Protection and Advocacy Program (P&A) system and Client Assistance Program (CAP). Dkt. No. 4 at 3. "The P&A and CAP networks were established by the United States Congress to protect the rights of people with disabilities and their families through legal support, advocacy, referral, and education." Id. In January of 2011, the Board of the NDRN published a booklet titled Segregated and Exploited, criticizing sheltered workshops and sub-minimum wages paid to those who work in sheltered workshops; the plaintiff considers this publication a lie about the individuals the NDRN is supposed to protect. Id.

Magistrate Judge Nancy Joseph, to whom the case was assigned at the time, recommended that this court dismiss the complaint because the court does not have authority to adjudicate policy disputes regarding sheltered workshops and sub-minimum wages. Id. at 5. She commended the plaintiff and her parents for their advocacy but stated that this was a policy issue to be resolved by the legislative branches of government. Id. Because there was no violation of the law, Judge Joseph concluded that the plaintiff had failed to state a claim upon which a federal court could grant relief. Id. On December 3, 2018 the case was reassigned to this court. Id. at 6.

On December 11, 2018, plaintiff filed an objection to the report and recommendation. Dkt. No. 7 at 1. On February 22, 2019 the court adopted Judge Joseph's recommendation, dismissing the complaint without prejudice for failure to state a claim. Dkt. No. 9 at 1. The court stated that despite the

plaintiff's understandable frustration, she had not stated a legal claim for which a federal court can grant relief. Dkt. No. 9 at 5. The court acknowledged that the Americans with Disabilities Act (ADA), 42 U.S.C. §12112, does prevent discrimination based on disability. Dkt. No. 9 at 6. The court found, however, that "lying"—as the plaintiff claims the booklet does—is not included in the ADA's definition of discrimination, and that the defendants were not the plaintiff's employers. Id. at 7. For these reasons, the court found that the plaintiff had not stated a claim under the ADA. Id. at 8.

The court stated that it was unaware of laws prohibiting private, non-profit advocacy groups from taking positions that differ from those of a member of the constituency for which it advocates, and that there are likely many members of the constituency that maintain a wide variety of different ideas on topics pertaining to disabled people. Id. The court explained that DRW and the NDRN are not state actors and are not prohibited by 42 U.S.C. §1983 from discriminating against people based on their disabilities. Id. at 9. The court found that there is no federal law or provision of the Constitution which prohibits the defendants from advocating against sheltered workshops or sub-minimum wages. Id.

Finally, the court noted that the rights of the defendants to state their opinions are protected by the First Amendment's guarantee of free speech. Id. The court opined that the defendant's booklet was not *lying* about the plaintiff,

3

but was expressing a belief that everyone—disabled or not—has the right to be paid at minimum wage or higher. Id. at 10.

On March 5, 2019 the plaintiff filed a motion for reconsideration. Dkt. No. 11 at 1.

**II.     Analysis**

    A.     Standard

Motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, however, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to such motions. Washington Frontier League Baseball, LLC v. Zimmerman, No. 14-cv-1862-TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016). Rule (59)(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment."

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chicago Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A manifest error is not demonstrated by the disappointment of the losing party, but rather is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Reconsideration is not an appropriate forum for rehashing previously

rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)).

B. Analysis

The court entered judgment on February 22, 2019 and received the motion for reconsideration on March 5, 2019. The motion is timely because the plaintiff filed it within twenty-eight days after the entry of judgment. The court will consider the motion under the Rule 59(e) standard.

1. *Newly Discovered Evidence*

The plaintiff has not provided the court with newly discovered evidence. The plaintiff reiterates her disagreement with the reasoning the court stated in its order dismissing the case for failure to state a claim. The plaintiff again states the functions of DRW and the NDRN. She suggests that, "[a]s a Federal Judge you may not know that DRW is the State of Wisconsin's designated Protection and Advocacy Agency," and that "DRW serves at the pleasure of the Governor. DRW powers and authority come from the approval of the Governor and the acceptance by the Federal Government through its administrative agencies." Dkt. No. 11 at 1-2. Judge Joseph addressed this point in her recommendation, dkt. no. 5 at 3, so it is not newly discovered evidence.

The plaintiff argues that "DRW does NOT have authority on its own and so while DRW and the NDRN may be incorporated as non-profit organizations

5

they are a wholly different type of non-profit from all other non-profits." Id. at 12. This is not newly discovered evidence, either; the court previously noted that DRW and the NDRN are non-profit advocacy groups, distinct from state actors and exempt from suit under 42 U.S.C. §1983. Dkt. No. 9 at 9.

Because the plaintiff has not presented any newly-discovered evidence, the court considers whether the plaintiff has demonstrated that the court made a manifest error of law.

    2.    *Manifest Error of Law*

The plaintiff alleges that she has the right to be protected by the "Federally designated Protection and Advocacy agency in the State of Wisconsin, DRW." Dkt. No. 9 at 9. Perhaps by asserting that DRW and NDRN are "agencies," the plaintiff means to argue that these entities are state actors. The plaintiff states that DRW is "in fact an extension of the Federal Government's effort to 'PROTECT' the RIGHTS and interests of ALL disabled individuals. ie Federal Law created a system of 'Protection and Advocacy' Agencies." Dkt. No. 11 at 2.

The Supreme Court has held that a private entity may qualify as a state actor when the entity exercises powers of traditional, exclusive public functions reserved to the State. Jackson v. Metro. Edison Co., 419 U.S. 345, 352 (1973). DRW and the NDRN are not exercising public functions traditionally and exclusively reserved to the State. As both Judge Joseph and this court held, DRW and the NDRN do not have a duty to enforce the sub-minimum wage law,

6

nor are they the plaintiff's employer, which would subject them to the ADA. Dkt. No. 9 at 6. DRW and the NDRN are advocacy groups and accordingly are permitted by the First Amendment to advocate for what they believe to be the best policy solutions. Id. at 4. The court doesn't disagree with the plaintiff that it appears that the reason these agencies exist is to protect the rights of all disabled people—a goal the federal government also has sought to achieve through legislation. But the fact that the agencies share a goal with the federal government (or the state government, for that matter) does not make them state actors.

The plaintiff correctly asserts that the Fair Labor Standards Act of 1938 established the right to work at sub-minimum wages. 29 U.S.C.A. §214 (West). The plaintiff is incorrect in stating that DRW and the NDRN are charged with enforcing this sub-minimum wage. Dkt. No. 11 at 3. The fact that a non-profit advocacy group receives a federal grant does not make it an agency tasked with the enforcement and administration of laws such as the Fair Labor Standards Act. The U.S. Department of Labor is responsible for monitoring the implementation of a subminimum wages—not DRW or the NDRN. 29 U.S.C.A. §204(d)(1).

The court has not disregarded, misapplied or failed to recognize controlling precedent. The plaintiff's motion to reconsider is a reformulation of arguments she made to Judge Joseph and to this court.

The plaintiff has a right to advocate against the position taken by the DRW and the NDRN. But she has not stated a legal claim against them.

## III. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 11.

Dated in Milwaukee, Wisconsin, this 16th day of March, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**